**IN THE COURT OF APPEALS OF IOWA**

No. 14-1338
Filed November 26, 2014

**IN THE INTEREST OF J.S.,**
**Minor Child,**

**D.S., Father,**
**Appellant.**

_____

Appeal from the Iowa District Court for Pottawattamie County, Charles D. Fagan, District Associate Judge.

A father appeals the termination of his parental rights. **AFFIRMED.**

Vanessa Strazdas, Council Bluffs, for appellant father.

Thomas J. Miller, Attorney General, Janet L. Hoffman, Assistant Attorney General, Matthew Wilbur, County Attorney, and Eric Strovers, Assistant County Attorney, for appellee State.

Roberta Megel, Council Bluffs, attorney and guardian ad litem for minor child.

Considered by Vogel, P.J., and Vaitheswaran and Potterfield, JJ.

**POTTERFIELD, J.**

A father appeals the termination of his parental rights.[1] We review termination decisions de novo. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). Finding clear and convincing evidence to support termination, we affirm.

The father's rights were terminated pursuant to Iowa Code section 232.116(1)(d), (e), (h), (i) (2013). "When the juvenile court terminates parental rights on more than one statutory ground, we need only find grounds to terminate under one of the sections cited by the juvenile court to affirm." *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). The father does not dispute the existence of the grounds under section 232.116(1)(h).[2] The child is under three years of age, was adjudicated a child in need of assistance (CINA) in September 2013, has never been in the father's care and custody, and could not be placed with the father at the time of the termination hearing because the father remained unemployed and without the necessary parenting skills to care for a child safely.[3] He had been arrested six times during the juvenile court proceedings, missed visits for two months due to incarceration, and was facing additional jail time at the time of the termination hearing.

---

[1] The mother's rights were also terminated. She does not appeal.

[2] Under Iowa Code section 232.116(1)(h), the court may terminate the rights of a parent to a child if: (1) the child is three years old or younger, (2) the child has been adjudicated a CINA under section 232.96, (3) the child has been out of the parent's custody for at least six of the last twelve months or the last six consecutive months, and (4) "[t]here is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time."

[3] The results of the father's psychological evaluation indicated his mental functioning is low. The evaluator recommended the father have visits with the child, but opined the father was not capable of caring for the child. *See A.M.*, 843 N.W.2d at 111 (noting a parent's lower mental functioning, while not alone sufficient grounds for termination, is a relevant consideration if it affects the child's wellbeing).

While the father argues on appeal otherwise,[4] reasonable efforts at reunification had been made, including supervised visits with a family safety, risk, and permanency (FSRP) provider. The FSRP provider counseled the father concerning parenting, hygiene, employment, and housing. *See In re C.B.*, 611 N.W.2d 489, 493-94 (Iowa 2000) ("We have repeatedly emphasized the importance for a parent to object to services early in the process so appropriate changes can be made. . . . [O]ur focus is on the services provided by the state and the response by [the parent], not on services [the parent] now claims the DHS failed to provide.").

"Even after we have determined that statutory grounds for termination exist, we must still determine whether termination is in the children's best interests." *In re A.B.*, 815 N.W.2d 764, 776 (Iowa 2012); *accord* Iowa Code § 232.116(2). We "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010). Taking into account these factors, we conclude termination is in J.S.'s best interests. Moreover, no factor weighing against termination exists. *See* Iowa Code § 232.116(3). We therefore affirm the termination of the father's parental rights

---

[4] We note the juvenile court specifically observed that "[a]t no time during the CINA case did [the father] request additional services nor did he ever indicate that his impairment was hampering his ability to complete services."

pursuant to section 232.116(1)(h).

**AFFIRMED.**